UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
THE BOARD OF TRUSTEES OF THE UNITED :
FURNITURE WORKERS PENSION FUND A, :
: Civil Action No.
Plaintiff, :
:
-against- :
:
PREMIER RESTORATION TECHNOLOGIES, :
:
Defendant. :
:
---------------------------------------------------------------------x

## COMPLAINT

1. This is an action by the Board of Trustees of the United Furniture Workers Pension Fund A ("Plan") as a fiduciary of the Plan, on behalf of the Plan, to collect unpaid withdrawal liability owed to the Plan by defendant Premier Restoration Technologies ("Premier Restoration"). Plaintiff seeks payment of unpaid withdrawal liability, interest on that unpaid amount, liquidated damages as provided by law, and the attorneys' fees and costs of this action from defendant, and such other and further legal and equitable relief as this Court deems appropriate.

## Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 502(e)(l), 502(f) and 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1132(e)(1), 1132(f) and 1451(c), in that this is an action by a fiduciary of the Plan to compel an employer to pay withdrawal liability pursuant to ERISA §§ 515 and 4301(b), 29 U.S.C. §§ 1145 and 1451(b).

3. Venue is based on the district in which the defendant resides and has done business, the Southern District of New York, pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d).

**Parties**

4. The Board of Trustees of the Plan ("Pension Plan Board") is a fiduciary of the Plan.

5. The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), in that it was established by an employee organization, and it is maintained for the purpose of providing its participants and beneficiaries with retirement income.

6. The Plan is a "multi-employer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA § 4001(a)(3), 29 U.S.C. § 1301(a)(3), in that more than one employer is required to contribute to the Plan, and the Plan is maintained pursuant to collective bargaining agreements between one or more employee organizations and more than one employer.

7. The Pension Plan Board is the sponsor of the Plan within the meaning of ERISA § 4001(a)(10), 29 U.S.C. § 1301(a)(10).

8. The Plan is administered in Nashville, Tennessee.

9. Defendant Premier Restoration is, upon information and belief, a New York corporation that maintains its headquarters at 144 West 37th Street, New York, New York, and is an "employer" under ERISA § 3(5), 29 U.S.C. § 1002(5).

**Premier Restoration's Obligation to Make Contributions to the Plan**

10. IUE/CWA Local 463, AFL-CIO (the "Union") and Premier Restoration are parties to a collective bargaining agreement (the "CBA") that obligated Premier Restoration to make monthly contributions to the Plan on behalf of bargaining unit employees. The CBA covered all employees of Premier Restoration engaged in the restoration of furniture, excluding office, sales, administrative, executive, clerical, and supervisory employees.

11. The Plan was established and is governed by an Agreement and Declaration of Trust adopted as of October 10, 1962, and as amended from time to time since then (the "Trust Agreement").

12. The Trust Agreement provides that delinquent contributing employers shall be liable to the Plan for: (a) interest on the amount of delinquent contributions due and owing at a rate equal to the prime rate of interest plus two (2) percentage points, (b) liquidated damages in an amount equal to twenty percent (20%) of the unpaid contributions, and (c) the Plan's attorneys' fees and costs.

**CLAIM FOR RELIEF:
COLLECTION OF UNPAID WITHDRAWAL LIABILITY**

13. The Plan repeats and realleges each of the allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Upon information and belief, in or about 2020, Premier Restoration ceased all covered operations and ceased to have an obligation to make contributions to the Plan.

15. By letter dated December 18, 2020, the Plan notified Premier Restoration that the Plan had determined that Premier Restoration had permanently ceased to have an obligation to contribute to the Plan in the Plan fiscal year beginning March 1, 2020.

16. The Plan determined that Premier Restoration's withdrawal liability to the Plan is $1,720,641, payable in 80 quarterly payments of $14,449, with the first payment due and payable to the Plan on or before March 1, 2021.

17. Premier Restoration failed to make the first installment payment as demanded by the Plan.

18. By letter dated May 10, 2021, the Plan, through its counsel, notified Premier Restoration that it had failed to make the first installment of its withdrawal liability payment obligation and was further notified that if this delinquency was not cured within 60 days, the full withdrawal liability shall be accelerated.

19. Premier Restoration has not made any of its required installment payments or sought to timely arbitrate the withdrawal liability assessment as required under ERISA Section 4221, 29 U.S.C. §1401.

20. Having failed to arbitrate any issue after receiving the assessment from the Plan, Premier Restoration waived its right to challenge the assessed withdrawal liability.

21. By letter dated July 22, 2021, the Plan notified defendant that since Premier Restoration failed to make any of the required installment payments on the withdrawal liability owed to the Plan and failed to cure this deficiency upon notice from the Plan, the entire withdrawal liability due and owing by Premier Restoration to the Plan has been accelerated pursuant to ERISA Section 4219(c)(5), 29 U.S.C. §1399(c)(5).

22. The Plan is entitled to payment from Premier Restoration of the entire unpaid balance of the assessed withdrawal liability, as well as interest at a rate equal to the prime interest rate plus two (2) percentage points from March 1, 2021, through the date

judgment is entered; liquidated damages (20% of the unpaid balance of the assessed withdrawal liability); and the Plan's reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff demands that judgment be entered:

1. Awarding to the Plan pursuant to ERISA §§ 502(g) and 4301(b), 29 U.S.C. §§ 1132(g) and 1451(b), against Premier Restoration:

    a. Unpaid withdrawal liability in the amount of $1,155,920; and

    b. interest on the withdrawal liability at a rate equal to the prevailing prime rate of interest plus two (2) percentage points from March 1, 2021, through the date judgment is entered; and

    c. liquidated damages equal to $231,184 (which is 20% of $1,155,920): and

    d. the reasonable attorney's fees and costs of this action incurred by the Plan.

2. Granting to the Plan such other and further relief as the Court deems just, equitable, and proper.

New York, New York
October 31, 2021

Respectfully submitted,

FISHERBROYLES, LLP

By: _____
Kyle Flaherty (KF 7155)
Jonathan Evan Goldberg (JG 7374)
445 Park Avenue
New York, New York 10022
201-704-8739
kyle.flaherty@fisherbroyles.com
*Attorneys for Plaintiff*

5