USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/11/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

BOARD OF TRUSTEES OF THE UNITED :
FURNITURE PENSION FUND A,                         :          21-CV-9172
                                                                        :
                                      Plaintiff,:
          - against -                         :          ORDER ADOPTING
                                                                        :          REPORT &
PREMIER RESTORATION TECHNOLOGIES, :          RECOMMENDATION
                                                                        :
                                  Defendant.:
                                                                        :
-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on November 5, 2021, Plaintiff Board of Trustees of the United Furniture Pension Fund A filed a complaint against Defendant Premier Restoration Technologies, Dkt. 1;

        WHEREAS on November 12, 2021, Judge Alison Nathan, to whom this case was then assigned,[1] referred the case to Magistrate Judge Gorenstein for general pretrial management, Dkt. 3;;

        WHEREAS on February 8, 2022, Judge Gorenstein issued an Order to Show Cause after Plaintiff failed to file proof of service after the ninety-day period for service provided by Federal Rule of Civil Procedure 4(m) had lapsed, Dkt. 4;

        WHEREAS on February 22, 2022, Plaintiff provided proof of service indicating that the Defendant waived the service of summons on December 22, 2021, Dkt. 5, 6;

        WHEREAS on February 25, 2022, because Defendant had failed to respond to the Complaint, Judge Gorenstein ordered Plaintiff to file a motion for default judgment no later than March 18, 2022, Dkt. 7;

---

[1]     Upon Judge Nathan's elevation to the Second Circuit, the case was reassigned to the Undersigned on April 10, 2022.

WHEREAS on March 17, 2022, the Clerk of Court issued a Certificate of Default, Dkt. 11;

WHEREAS on March 18, 2022, Plaintiff filed a Motion for Default Judgment, Dkt. 12, to which Defendant did not respond;

WHEREAS on March 22, 2022, Judge Nathan amended the Order of Reference to include dispositive motions, Dkt. 15;

WHEREAS on June 28, 2022, Judge Gorenstein entered an R&R, recommending that the Court grant Plaintiff's motion and award Plaintiff the requested default judgment of $1,387,104.00, plus interest accruing at a rate of $380.03 per day from March 1, 2021, until the date judgment is entered, Dkt. 23 at 8;

WHEREAS in the R&R, Judge Gorenstein found, based on Plaintiff's submissions, that Defendant failed to uphold its obligation to invest monthly contributions into Plaintiff's multi-employer pension plan, and consequently, withdrew from the plan, *id.* at 3–4;

WHEREAS Judge Gorenstein further found that Defendant is subject to withdrawal liability pursuant to ERISA in the amount of $1,720,641.00, *id.* at 4 (citing 29 U.S.C. § 1339(c)(5)), and liquidated damages in the amount of $231,184.00 pursuant to 29 U.S.C. §§1132(g)(2), 1451(b), *id.* at 7;

WHEREAS in the R&R, Judge Gorenstein notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 8;

WHEREAS Judge Gorenstein further noted that failure to object would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no party objected;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full and Plaintiff's motion for default judgment is GRANTED. The Clerk of Court is respectfully directed to enter judgment against the Defendant in the amount of $1,387,104.00, plus interest accruing at a rate of $380.03 per day from March 1, 2021, until the date judgment is entered, to terminate all open motions, and to close the case.

IT IS FURTHER ORDERED that because the R&R gave the parties adequate warning, *see* Dkt. 23 at 8, the failure to object to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

**SO ORDERED.**

**Date: August 11, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**